IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWIN MEDINA,                    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No.  11 C 9139
                                 )
STATE OF ILLINOIS, et al.,       )
                                 )
            Defendants.          )

<u>MEMORANDUM ORDER</u>

On December 23 the Clerk's Office received from Edwin Medina ("Medina") a set of self-prepared documents:[1]  a 42 U.S.C. §1983 ("Section 1983") Complaint, an Application To Proceed in District Court Without Prepaying Fees or Costs ("Application") and a Motion for Appointment of Counsel ("Motion").  Because Medina had tendered only the original of those documents, without submitting the required Judge's Copy (or the required copies for service of process), it took several days for copies of the documents to reach this Court's chambers.  But this Court has now conducted the initial screening called for by 28 U.S.C. §1915A(a),[2] and this memorandum order is the result.

Actions such as Medina's ordinarily call for a determination under Section 1915 that results in liability of the in forma

_____

    [1]  "Self-prepared" is used in the sense that Medina has utilized Clerk's-Office-provided printed forms and filled them out with hand-printed information.

    [2]  All further references to Title 28's provisions will simply take the form "Section--."

pauperis applicant to pay the $350 filing fee in future
installments. But in this instance Medina's effort to invoke
Section 1983 is so patently frivolous in the legal sense connoted
by Section 1915A(b)(1), and Medina's institutional trust fund
cupboard at Vienna Correctional Center (where he is now in
custody) is so bare, that this Court is loath to inflict that
major obligation on him. Accordingly this memorandum order turns
directly to the merits of (or more accurately, the lack of merit
in) Medina's Complaint.

Medina's three targeted defendants are the State of
Illinois, Cook County State's Attorney Anita Alvarez and Cook
County Circuit Court Judge Arthur Hill. But none of them is
subject to suit under Section 1983, as Medina would have it:

1. As for the State of Illinois, it is not a "person"
within the meaning of Section 1983, and it is accordingly
not suable under that statute.

2. It has long been established (see Imbler v.
Pachtman, 424 U.S. 409 (1976)) that State's Attorney Alvarez
has absolute prosecutorial immunity for her handling of
Medina's case, so she too cannot be sued here.

3. It has been clear for even longer (see Pierson v.
Ray, 386 U.S. 547 (1967)) that Judge Hill has absolute
judicial immunity, so he also cannot be sued in this case.
Accordingly both Medina's Complaint and this action are

2

dismissed.  Both the Application and the Motion are denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 3, 2012